IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

| | | |
|---|---|---|
| GARY C. FITZPATRICK, SR., *et al.* | ) | CASE NO. 1:17-CV-1235 |
| | ) | |
| Plaintiffs, | ) | JUDGE SOLOMON OLIVER JR. |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT CUYAHOGA COUNTY'S** |
| CUYAHOGA COUNTY, | ) | **BRIEF IN OPPOSITION TO PLAINTIFFS'** |
| | ) | **MOTION FOR EQUITABLE TOLLING.** |
| Defendant. | ) | |

Defendant Cuyahoga County ("Cuyahoga") submits this Brief in Opposition to Plaintiffs' Motion for Equitable Tolling ("Plaintiffs' Motion").[1] The Motion should be denied as it is not well taken either in fact or law as is shown more fully below.

## INTRODUCTION

Plaintiffs seek to expand the statute of limitations for all potential opt-in Plaintiffs in this Fair Labor Standards Act ("FLSA") action well beyond what Congress has statutorily prescribed. While this Court has the power to equitably toll a federal statute of limitations, such action is warranted only in rare and extraordinary circumstances. The Supreme Court and Sixth Circuit have cautioned that tolling is to be applied sparingly. Plaintiffs chose when to file this action— the filing of their complaint was within their sole control. Faced with a statute of limitations problem, Plaintiffs now seek to blame everyone else for their own inaction. There is absolutely no evidence that the Court or the County has delayed this matter. Plaintiffs' manufactured and inconsistent reasons for tolling do not rise to the level of extraordinary circumstances. The delay, if any, is caused by their own making.

---

[1] ECF No. 30.

1

Here, Plaintiffs' counsel conceded that the impetus for filing the *Fitzpatrick* litigation was driven by individuals who regretted that they did not participate in the *Mulloy* settlement. Plaintiffs now seek to take a second-bite of the apple. Tolling, under such circumstance, is completely inappropriate and should not be used as a way around the statute of limitations.

All of the existing Plaintiffs and potential opt-in Plaintiffs received actual notice of any potential longevity bonus claim in the case of *James Mulloy, et al. v. Cuyahoga County*, Case No. 1:14-CV-02546 ("*Mulloy*"), which covered the period that the Plaintiffs now seek to toll. The Plaintiffs and potential opt-in Plaintiffs sat on their rights and choose not to join *Mulloy*. Now, they seek to resurrect any potential claim for the same period previously covered in the *Mulloy* Opt-in Notice. Their failure to timely act does not constitute extraordinary circumstances to warrant the relief sought here and, consequently, Plaintiffs' Motion should be denied.

## PROCEDURAL HISTORY

Plaintiff Gary Fitzpatrick, Sr. filed this FLSA action on June 13, 2018 on behalf of himself and a putative class of current and former employees of Cuyahoga County claiming that they are similarly situated.[2] Plaintiffs allege that the County did not incorporate non-discretionary bonus payments when calculating regular rates of pay for overtime purposes in violation of the FLSA and is brought as a collective action pursuant to 29 U.S.C. 216(b).[3] Presumably, Plaintiff's counsel had "evidentiary support" pursuant to Fed. R. Civil Pro. 11 to support his claim prior to filing the same.

Cuyahoga filed its Answer on July 13, 2018.[4] Plaintiffs' allegations are substantially the same as those asserted in *Mulloy,* which was filed on November 19, 2014.[5] The *Mulloy* Plaintiffs

---

[2] ECF No. 1
[3] *Id.*
[4] ECF No. 6.
[5] See Exhibit A, *Mulloy* Complaint at ¶¶ 10-12.

2

had also alleged, as Plaintiffs do here, that the County failed to include nondiscretionary bonus payments in the regular rate for purposes of computing overtime payments. The same Plaintiffs' Counsel brought each action.

The *Mulloy* Complaint also contained an "opt-in" clause pursuant to 29 U.S.C. S 216(b). The parties stipulated to conditional certification and notice to putative plaintiffs.[6] The parties agreed on the notice to be sent to the putative class—the Opt-In Notice identified three sub-classes including a Longevity Bonus class.[7] The Notice provided that those who received longevity pay and worked over 40 hours in any work week were permitted to participate in the collective action.

Following the court's order approving conditional certification, on March 3, 2015, the County provided Plaintiffs' Counsel with a list of the names and last known home addresses of 1253 former and current hourly non-exempt employees of the Sheriff Department from 13 different unions.[8] Plaintiffs' counsel mailed-out the opt-in notices.[9] A total of 411 individuals filed consent forms and chose to opt-into the *Mulloy* lawsuit.[10] Ultimately, that case was mediated and resolved. The Court approved the Settlement on May 17, 2016.[11]

Subsequent to the commencement of the *Fitzpatrick* action, a total of 104 individuals have filed consent forms to join the lawsuit.[12] Plaintiffs and the putative class members are union members. Clearly, notice of this litigation has quickly spread. In fact, Plaintiff claims that "[he] has been diligent in his efforts to notify the absent class members of their right to join this

---

[6] Exhibits B & D, *Mulloy* Joint Proposed Stipulation for Conditional Certification and Notice to Putative Plaintiffs, and *Mulloy* Court Oder adopting Stipulation.
[7] Exhibit C, Email Dated April 8, 2017, and Opt-in Notice. See Opt-in Notice at p. 2.
[8] Exhibit E, Email dated March 3, 2015.
[9] Exhibit B ("Plaintiffs shall mail the notice to the individuals appearing on the list referred to in Par. 2.")
[10] Exhibit F, Allocation of Settlement of all *Mulloy* Opt-Ins.
[11] See *Mulloy* Docket.
[12] See *Fitzpatrick* Docket.

lawsuit."[13] Of the 104 individuals who have filed consent forms in *Fitzpatrick*, 36 individuals filed consent forms in *Mulloy* and participated in the *Mulloy* settlement.[14] All of the Plaintiffs, including the Lead Plaintiff and Opt-In Plaintiffs, who have joined *Fitzpatrick* received **actual notice** of a potential longevity bonus claim going as far back as November 17, 2012 in the *Mulloy* matter.[15] Despite receiving that notice, many of the putative plaintiffs elected not to join the *Mulloy* action or pursue any alleged wage violation against the County.

This Court promptly scheduled a case management conference, which was held on August 17, 2017. During the CMC, defense counsel expressed that *Fizpatrick* was filed by individuals who regretted that they did not participate in the *Mulloy* settlement. Plaintiffs' counsel agreed. Plaintiffs now seek to blame the County for their inaction despite having received notice of the alleged longevity bonus issue over a year and a half ago. Ostensibly, Plaintiffs had evidence of an alleged ongoing violation as the basis for filing this case. It is illogical to assume Plaintiffs would have been deterred by Defendant's answer in delaying to file for conditional certification and the issuance of notice. In fact at the CMC, Plaintiffs' counsel strenuously disagreed with defense counsel.

This Court issued a CMC order which set the schedule and the Case.[16] The CMC order read: [T]he parties will exchange information regarding when Defendant's Sheriff's department began making longevity payments to its employees and related information, along with whether

---

[13] In addition, on June 16, 207, the <u>Cleveland.com</u> covered a story describing the Fitzpatrick lawsuit: "The … suit brought by county employee Gary Fitzpatrick says the county incorrectly excluded "longevity payments," or bonus payments given to employees for their years of service, when the county calculated overtime rates. This resulted in lower overtime pay." See http://www.cleveland.com/court-justice/index.ssf/2017/06/cuyahoga_county_faces_pair_of.html

[14] Defendant contends that these opt-in Plaintiffs are barred by the terms of the settlement in *Mulloy* from participation in this case. That issue will be briefed separately.

[15] See Exhibit G, Affidavit of Laura Eaton.

[16] ECF No. 24.

and when Defendant's other departments began making longevity payments to its employees, by September 14, 2017. While the order specifically provides that the parties exchange information, Plaintiffs provided no information or records confirming their claim. On the other hand, the County not only complied with the Court's order but went above and beyond in by providing payroll records for the Lead Plaintiff and a random sample of the 10 Opt-In Plaintiffs (10% of Opt-Ins). Plaintiffs' counsel falsely represents in their Motion that defense counsel cherry-picked the records despite being informed that the Opt-in Plaintiffs were randomly selected. In a telephone call to Plaintiff's counsel, Defendant confirmed that a random selection methodology was used at random.org. This was the same methodology used to conduct a random sampling in the *Mulloy* matter.

## LAW AND ARGUMENT

**A.** **The Statute of Limitations applicable to FLSA claims continues to run until a plaintiff opts into the suit. The U.S. Supreme Court and Sixth Circuit Permits Equitable Tolling In Limited Circumstances.**

Congress has expressly established a limitation period for all persons claiming a violation of the FLSA, including any potential opt-in plaintiffs through the collective class certification process, continues to run until a plaintiff files a written consent to join the action. 29 U.S.C.§ 256(b). "Congress contemplated a gap between the time a collective action is initiated and the time the statute of limitations is tolled by the filing of an opt-in consent."[17] [S]ome time will necessarily pass between the filing of the initial complaint and a

---

[17] *Noble v. Serco, Inc.*, Case No. 3:08-76-DCR., 2009 U.S. Dist. 93816, *5-7 (E.D. Ky. 2009) (citing *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007); *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 194 (M.D. Pa. 2008) ("Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period."). *See also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1107 (11th Cir. 1996) (citing legislative history of FLSA amendment requiring written consent by opt-in plaintiffs and noting that "Congress expressed the concern that an opt-in plaintiff should not be able to

5

motion by the named plaintiff for conditional certification and notice to potential plaintiffs, and again between the filing of that motion and the time putative plaintiffs actually receive notice of the suit and their right to opt in."[18] The routine passage of time between when Plaintiff filed this action and now is by no means extraordinary. To date the parties have engaged in routine litigation that is not out of the ordinary. Such routine passes of time are not sufficiently "extraordinary" so as to justify equitable tolling. Here, the filing of a conditional certification was wholly in Plaintiffs' control.

The U.S. Supreme Court has cautioned that federal courts should invoke the doctrine of equitable tolling "sparingly."[19] "Federal Courts have rarely extended relief to plaintiffs under the equitable tolling doctrine."[20] Equitable tolling requests should not be turned into a routine end-run around the FLSA's express terms.[21] The doctrine applies "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."[22] Here, Plaintiffs' delay in filing their action, and seeking conditional certification and the issuance of notice has been entirely within Plaintiffs' control.

### B. Plaintiffs Fail to Show "Extraordinary Circumstances" Necessary to Justify A Drastic Remedy of Equitable Tolling.

Plaintiffs have not met the high burden to demonstrate that that would require this Court to enter the extraordinary remedy of equitable tolling of the statute of limitations.[23] Equitable

---

escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint").

[18] *Noble*, 2009 U.S. Dist.93816, *10.

[19] *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 90, 96 (1990). See *Amni v. Overlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001).

[20] *Cruz v. B. McDermott Enterprises*, Case No. 1:12CV01329, *3 (N.D. Ohio 2013) (citing to *Cada v. Baxter Health Cor.*, 920 F.2d 446, 453 (7th Cir. 1990).

[21] *Longcrier v. HL-A Co.*, 595 F.Supp.2d 1218, 1244 (S.D. Ala. 2008) (explained that granting an equitable tolling request during the pendency of a conditional certification request would transform the extraordinary remedy of equitable tolling into a routine, automatic one).

[22] *Graham–Humphries v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir.2000).

[23] A plaintiff bears the burden to demonstrate why he is entitled to equitable tolling of the statute of

tolling should be denied unless a plaintiff can demonstrate "extraordinary circumstances" to justify this relief.[24] Contrary to Plaintiffs' assertions, the weight of authority does not favor equitable tolling of FLSA claims – especially when as here nothing has occurred other than the normal litigation process.

Mere passage of time, particularly where Plaintiffs fail to file their action in a timely matter, is insufficient to present "an extraordinary case" to warrant the granting of equitable tolling.[25] Plaintiffs are now attempting to excuse their failure to timely file their action by shifting the blame. Plaintiffs' suggestion that they delayed in seeking conditional certification due to the fact that Defendant has denied the material allegations in Plaintiffs' complaint is not believable. Ostensibly, Plaintiffs believed they had sufficient evidence to support the allegations in their complaint before filing the same. Plaintiffs offer no explanation as to why they would disregard their own research simply because Defendant has challenged the allegations in Plaintiffs' complaint.

The County has not delayed the proceedings in any manner—that is, the County did not seek additional time to file its answer. Rather, the County has adhered to this Court's schedule without delay. Plaintiffs have no justification for their delay in filing their lawsuit, or seeking conditional certification and the issuance of notice. In this case, there has been no delays that would justify the extraordinary relief that Plaintiffs seek.[26] None of the cases cited by Plaintiffs support their request. These cases are easily distinguishable from the present case because all

---

limitations. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir.2010); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).
[24] *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).
[25] *Noble*, 2009 U.S. Dist. 93816, *10.
[26] See for example, *Cruz v. B. McDermott Enterprises*, Case No. 1:12CV01329 (N.D. Ohio 2013), *9 (finding a six-month delay not unusual or out of the ordinary to warrant equitable tolling of the statute of limitations).

involved significant delays.[27]

### C. Application of the Sixth Circuit Archer Test Demonstrates that Equitable Tolling is Unwarranted.

Plaintiffs rely on the Sixth Circuit test for the FLSA that focuses on (1) whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs remaining ignorant of their rights.[28] In this case, application of the five factor test to the facts of this case is improper, because the issue in this case is whether tolling should apply to the claims of putative plaintiffs who have not filed consents and have no standing to raise any issue with this courts. Some district courts have held that where plaintiffs "seek to have the limitations period tolled as to plaintiffs who have not yet joined the suit, the five factor inquiry is not relevant."[29] Notwithstanding, under the *Archer* test, Plaintiffs have not met the high burden necessary to justify equitable tolling.

#### 1. Actual and Construction Notice Constructive Notice Exists

First, contrary to Plaintiffs' assertions, putative Plaintiffs had notice of their rights under

---

[27] *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842 (S.D. Ohio 2013) ("more than a year will have passed between Plaintiffs' initial request for court-supervised notice…and the issuance of such notice to potential op-tin plaintiffs"); *Baden-Winterwood v. Life Time Fitness*, 484 F.Supp.2d 822 (S.D. Ohio 2007) (granting tolling after the parties spent six months trying to negotiate the notice to potential opt-in plaintiffs, and after employer made misleading statements to employees regarding that they would receive notice of FLSA lawsuit but conspicuously omitted discussing the filing requirement to participate); *Bollentino v. Celluar Sales of Knoxville, Inc*., 2002 U.S. Dist. Lexis 112132 (E.D. Tenn. 2010) (court granted motion for equitable tolling after granting defendants request to stay discovery during the pendency of a motion to dismiss); *Abadeer v. Tyson Foods, Inc*., 2010 U.S. Dis. Lexis 136978 (MD. Tenn 2010) (lengthy delay caused by defendants' post-certification dispute of the form of notice and defendants' attempts to appeal the matter to the Sixth Circuit).
[28] S*ee Archer v. Sullivan County, Tenn*., Nos. 95-5214, 95-5215, 1997 U.S. App. Lexis 33052, *11 (6th Cir. Nov.14, 1997).
[29] *Noble v. Serco*, 2009 U.S. Dist. 93816, *8 (E.D. Ky. 2009); see also *Mathews v. ALC Partner, Inc*., No. 2:08-cv-10636, 2009 U.S. Dist. Lexis 75097, * 22 (E.D. Mich. 2009).

8

the FLSA. All Plaintiffs, including the opt-in Plaintiffs, were well aware of their rights under the FLSA as they received actual notice in *Mulloy* and elected not to join.[30] For example, in *Awad v. Tyson foods, Inc.*,[31] the court denied equitable tolling finding that notices in prior cases involving the same claims constituted notice.

Importantly, even beyond the notice they actually received by way of *Mulloy* Notice, putative class members are considered to have constructive notice of their FLSA rights as a matter of law.[32] "It is not necessary for Plaintiffs to know that a cause of action exists, so long as they knew or should have known the facts that comprise their FLSA claim."[33] Here, putative plaintiffs received pay stubs on a regular basis. Each putative plaintiff has the opportunity to review the pay stub each received. Thus, they should know whether they are not paid for their overtime correctly. For example, affidavits from the Lead Plaintiff and 15 Opt-In Plaintiffs demonstrate that Plaintiffs are well aware of when they are paid their longevity bonuses and when they work overtime.[34] Applicable case law supports a conclusion that, under these circumstances, putative class member have actual notice of their claims under the FLSA.[35] Further, this case has also been publicized in the media.

Plaintiffs' suggestion that potential plaintiffs have somehow been lulled into inaction is

---

[30] Plaintiffs concede that a court-authorized notice constitutes actual notice to absent class members of an alleged FLSA violation and of the requirement that they file a consent to join to participate and preserve their claims. Plaintiffs admit that "Defendant was sued for this very violation in November 2014…." See Plaintiffs Motion at p. 4-5.
[31] *Awad v. Tyson foods, Inc.*, 2016 U.S. Dist. Lexis 14596, *12 (M.D. Tenn. 2016).
[32] See *Archer*, 1997 U.S. App. Lexis 33052, at *12 (holding that the "statute itself [gives] the plaintiffs constructive notice of the fact that the county was violating their rights under the FLSA").
[33] *Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 654 (W.D. Tex. 2010) (denying equitable tolling of FLSA claims). Each putative plaintiff also has "constructive notice of her claim by means of her knowledge of hours, she worked and the pay she received…" *Opre v. Milton Township Bd. Of Trustees*, 2007 U.S. Dist. Lexis 90276, *4 (N.D. Ohio 2007).
[34] Exhibit H, Affidavits of the Plaintiffs.
[35] See *Archer*, 1997 U.S. App. Lexis 33052, at *4 ("The plaintiffs knew that they aware not receiving overtime pay—and that knowledge constituted knowledge of facts triggering the accrual of a cause of action.")

simply not credible. Plaintiffs' claim is undermined by the fact that over 104 opt-in forms have already been filed. Further, it is not credible that Plaintiffs would disregard their own research based solely on the fact that the County chooses to contest the material allegations of Plaintiff's complaint.

Plaintiffs have failed to identify fact specific justifications for applying equitable tolling. Rather, the undisputed facts support denial of Plaintiffs' tolling motion. All potential plaintiffs already received notice in the *Mulloy* matter. All potential plaintiffs have had an adequate opportunity to identify any alleged wage violation through a routine examination of their own wage documents.

### 2. There is No Evidence of Diligence

Plaintiffs have failed to demonstrate any alleged diligence on the part of the putative plaintiffs. Plaintiffs diligence is irrelevant to whether putative plaintiffs were diligent in pursuant their rights or were reasonable in remaining ignorant of their alleged claims.[36] There is nothing in the record to suggest that absent class members have "diligently pursued their rights."[37] Contrary to Plaintiffs suggestion, absent class members were notified of a potential violation in their longevity pay during the period of time Plaintiffs now seek to toll, and elected not to join the *Mulloy* matter. These potential class members cannot be said to have diligently pursued their rights.[38]

Plaintiffs fail to explain how 104 individuals were aware of their rights and brought suit but others are somehow unaware of their rights. Plaintiffs' failure to demonstrate such

---

[36] *Truitt v. County of Wayne*, 148 F.3d 644 (6th Cir. 1998).
[37] *Smith v. BNSF Ry. Co*., 246 F.R.D. 652, 655 (D. Kan. 2007).
[38] *Cruz v. B. McDermott Enterprises*, Case No. 1:12CV01329 (N.D. Ohio 2013), *5, citing to, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ([t]he Supreme Court noted that they were much less forging of late filings for claims when the 'claimant failed to exercise due diligence in preserving his legal rights").

extraordinary circumstances is fatal to meeting his heavy burden for relief. Plaintiff has not offered any evidence suggesting it was reasonable for potential opt-in plaintiffs to remain unaware of their rights. Putative plaintiffs are aware of the facts giving rise to the allegations, and therefore are not excused from asserting their rights within the statute of limitations.[39] As such, these factors do not support equitable tolling and Plaintiffs' request should be denied.

### 3. There Is Prejudice to Defendant

Tolling the statute of limitations would unduly prejudice Defendants because it would expose them to claims that accrued beyond the time period established by Congress, even for alleged willful violations.[40]

### 4. It is Unreasonable for Putative Plaintiffs to Remain Ignorant of the Filing Requirement

Plaintiffs cannot show that it is reasonable for putative members to remain ignorant of their alleged rights. It is "well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling."[41] It is unreasonable to assume that potential plaintiffs remain ignorant of their rights after receiving actual notice in the *Mulloy* matter of the alleged longevity pay bonus issue.[42] Putative plaintiffs had actual notice of their FLSA claim by virtue of their pay stubs and hours worked.[43] The facts demonstrates that putative opt-in plaintiffs unreasonably remained ignorant of their rights under the FLSA. The fact that 104 individuals filed consent forms further demonstrates the unreasonableness inaction of the putative class members.

---

[39] *Id.*
[40] *Smith*, 246 F.R.D. at 655.
[41] *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).
[42] *Awad v. Tyson foods, Inc.*, 2016 U.S. Dist. Lexis 14596, *12 (M.D. Tenn. 2016).
[43] *Claeys v. Gandalf Ltd.*, 303 F.Supp.2d 890, 896-97 (S.D. Ohio 2004) (refusing to toll overtime claims under the FLSA where the plaintiff was, or should have been, aware of his claims).

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Equitable Tolling Motion should be denied.

Respectfully submitted,

/s/ *Awatef Assad*
Awatef Assad (0065535)
Assistant Director of Law
Jonathan Scalding (0093905)
Assistant Director of Law
Cuyahoga County Department of Law
2079 East 9th Street
Cleveland, OH 44115
(216) 698-6464 (Telephone)
(216) 698-2744 (Facsimile)
aassad@cuyahogacounty.us
jscandling@cuyahogacounty.us

*Counsel for Defendant Cuyahoga County*

[Representation pursuant to August 27, 2013 Agreement governing the division of duties between the Cuyahoga County Prosecutor's Office and Department of Law]

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2017, the foregoing was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's Electronic Filing system. Parties may access this filing through the Court's system.

/s/ *Awatef Assad*
Awatef Assad (0065535),
*Counsel for Defendant Cuyahoga County*