UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY C. FITZPATRICK, SR., *et al.*, | ) | Case No.: 1:17 CV 1235 |
| Plaintiffs | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| CUYAHOGA COUNTY, | ) | |
| Defendant | ) | <u>ORDER</u> |

## I. INTRODUCTION

Currently pending before the court in the above-captioned case is Plaintiff Gary C. Fitzpatrick, Sr.'s ("Plaintiff") Motions for Conditional Certification and Court-Authorized Notice (ECF No. 31) and Equitable Tolling of the statute of limitations for the putative class (ECF No. 30.) For the reasons set forth below, Plaintiff's Motion for Conditional Certification is granted. Plaintiff's Motion for Equitable Tolling of the statute of limitations is denied.

## II. BACKGROUND

On June 13, 2017, Plaintiff commenced this collective action against Cuyahoga County, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. (Compl., ECF No. 1.) This action was filed on behalf of "all former and current hourly non-exempt employees of Cuyahoga County who, at any time during the last three years, received longevity payments and

who worked overtime during any period in which said payment was earned." (*Id.* at 3.) Since the commencement of this action, 107 individuals, including the Named Plaintiff, have filed consent forms to join in the collective action. (*See* Docket.)

This is not the first time Defendant has faced allegations related to longevity payments. On November 19, 2014, other current and former Cuyahoga County employees commenced an action against Defendant, alleging violations substantially similar to the ones in the present suit. (*Mulloy v. Cuyahoga County*, Case No. 1:14-CV-02546 (N.D. Ohio Nov. 19, 2014) (Nugent, J.).) In *Mulloy*, the parties stipulated to conditional certification and that notice be sent to three subsets of putative class members from the Cuyahoga County Sheriff's Department, including "those who received longevity pay and worked over 40 hours in any work week." (*Mulloy* Joint Stipulation Ex. B, ECF No. 32-2.) Pursuant to that court's order approving conditional certification, notice was sent to 1253 former and current non-exempt employees of the Sheriff's Department on or after November 19, 2012 ("*Mulloy* notice"). The Named Plaintiff and all of the Opt-in Plaintiffs in this suit were sent the *Mulloy* notice. (Aff. Laura Eaton Ex. G, ECF No. 32-7.) Ultimately, 411 individuals filed consent forms and opted into *Mulloy*. (Allocation of Settlement of all *Mulloy* Opt-Ins Ex. F, ECF No. 32-6.) Of the 107 individuals who have filed consent forms in this suit, at least thirty-six individuals filed consent forms in *Mulloy* and participated in the subsequent settlement, which was approved on May 17, 2016 ("*Mulloy* settlement"). (Opp'n Mot. Equitable Tolling 3-4.) On September 22, 2017, Plaintiff filed its Motion for Conditional Certification of the putative class in this suit. Plaintiff also filed a Motion to toll the statute of limitations for the putative class members.

Given the prior certification and settlement of the class in *Mulloy*, there are two classes of

putative plaintiffs relevant to the court's conditional certification and equitable tolling inquiries: (1) all current and former employees of the Cuyahoga County Sheriff's Department, who at any time during the last three years received longevity payments and worked overtime during that same period ("Sheriff Department subclass"); and (2) all current and former employees of Cuyahoga County, excluding the Sheriff's Department, who received longevity payments and worked overtime during that same period (" Cuyahoga County subclass"). The court will address each of Plaintiff's Motions in turn.

### III. LAW AND ANALYSIS

#### A. Conditional Certification

Under 29 U.S.C. § 216(b) of FLSA ("Section 216(b)"), an employee may bring an action on behalf of himself and others "similarly situated." *See* 29 U.S.C. § 216(b) (indicating that a FLSA suit may be maintained by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated"). Each employee wishing to join the collective action must affirmatively "opt-in" by filing written consent. *Id*. District courts have discretion to facilitate notice to potential plaintiffs. *Douglas v. J&K Subway,* Case No. 4:14-CV-2621, 2015 WL 770388, at *1 (N.D. Ohio Feb. 23, 2015) (quoting *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). Before facilitating notice, courts must determine whether the potential class members are similarly situated under Section 216(b) of the FLSA. *Id.*

The Sixth Circuit expressed approval for the two-phase test developed by the district courts in the Circuit. *Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 547 (6th Cir. 2006). The first phase takes place at the beginning of discovery when the court has minimal evidence. *Id*. at 546. In the first phase, courts may grant conditional class certification upon a modest factual showing sufficient

to demonstrate that the putative class members were the victims of a single decision, policy, or plan. *Id.* at 547. A plaintiff's position must be "similar, *not identical*, to the positions held by the putative class members." *Id.* at 546-47 (emphasis added). This can be demonstrated by the existence of a "factual nexus" between the plaintiff and the potential class members. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005).

The second phase occurs once "all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546. During the second phase, courts have discretion to make a more thorough finding regarding the "similarly situated" requirement. *Id.* at 547. Should the court determine "claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Douglas v. GE Energy Reuter Stokes*, Case No. 07-077, 2007 WL 1341779, *4 (N.D. Ohio Apr. 30, 2007).

The evidentiary burden for meeting the "similarly situated" requirement at the conditional certification stage is a lenient one. *See Comer*, 454 F.3d at 547. This is in part due to the fact that, given the early stage of the proceedings, a plaintiff typically has little evidence to support his or her claims. Further, because a defendant has the opportunity to file for decertification at a later stage, conditional certification is "by no means final." *Id.* Thus, the standard for allowing class certification is significantly lower than the one used in class actions–it only requires that a plaintiff put forth "minimal evidence," and a court's determination will "typically result[] in conditional certification." *Id.* Class members' claims need only be unified by "common theories"; a class can be conditionally certified "even if proof is individualized and distinct." *Douglas*, 2014 WL 770388 at *3 (quoting *O'Brien v. Ed Donnelly Enter.*, 575 F.3d 567, 584 (6th Cir. 2009)).

4

Importantly, at the conditional certification stage, the court does not typically "consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues." *Lawrence v. Maxim Healthcare Servs.*, Case No. 1:12-CV-2600, 2013 WL 5566668, at *3 (N.D. Ohio Oct. 9, 2013); *see also Struck*, 2013 WL 571849, at * 3.  Nor does the court consider arguments on possible exemptions under the FLSA. *Lawrence*, 2013 WL 5566668, at *3.  Persuasive authority suggests that a court will generally grant conditional certification where the plaintiff has:  (1) identified potential plaintiffs; (2) submitted affidavits of potential plaintiffs which attest to the conditions of their compensation and employment; and (3) are indicative of a common policy or plan with respect to the duties and responsibilities of employees.  *See Bifulco v. Mortg. Zone*, 262 F.R.D. 209, 214 (E.D.N.Y. 2009) (collecting cases).

The court finds that Plaintiff meets the lenient standard for conditional certification, and has demonstrated that he is similarly situated to both putative subclasses. The underlying legal and factual issues with respect to Plaintiff's and each of the potential class members' claims are substantially similar. Plaintiff alleges that Defendant's non-exempt hourly employees were not paid the proper overtime premium for hours worked because Defendant failed to include longevity bonuses in the regular rate calculation. (Mot. Conditional Certification 9.) Both parties agree that, although required to do so, Defendant did not begin incorporating longevity bonuses into employee regular rate calculation until October 2015. Thus, each of the putative plaintiffs' claims will ultimately turn on their eligibility for longevity bonuses during the applicable period when Defendant was not including those payments in the regular rate calculation.

Plaintiff has submitted declarations from himself and fifteen other Cuyahoga County correctional officers, alleging that they worked in 2014 and 2015, and that they were eligible to

receive a longevity bonus in 2014 and 2015. (Decls. Ex. B, ECF No. 31-2.) In addition, Plaintiff also alleges that Defendant has exhibited a practice of failing to include non-discretionary longevity bonuses in the regular rate calculation. (Mot. Conditional Certification 4.) Further, Defendant has not provided a reason to conclude that the factual analysis as to the other non-Sheriff Department class members will be substantially different even though the proof required may be individualized and distinct. *See Douglas*, 2014 WL 770388, at *3. Accordingly, Plaintiff has met his minimal burden for conditional class certification.

Defendant argues that allowing conditional certification in this case, when a substantially similar class was previously certified in *Mulloy*, would run afoul of notice procedure and the Portal-to-Portal Act, an amendment to the FLSA, which, among other things, established the three-year limitations period for willful violations. (Mot. Opp'n Conditional Certification 5.) Specifically, Defendant gleans support from the fact that courts, including the Sixth Circuit, have generally expressed concerns with duplicative collective actions wasting judicial resources. (*Id.* at 5-6.) However, as an initial matter, it is clear that the employee class which Plaintiff seeks to conditionally certify here ("all present and former non-exempt employees of Cuyahoga County, who…received longevity payments") is broader than the class that was certified in the *Mulloy* litigation ("former and current hourly Cuyahoga County employees *at the Sheriff's Department*"). (Mot. Conditional Certification 3-4; *see also* Mot. Opp'n Conditional Certification 2-3 (emphasis added).) Further, the authority on which Defendant relies in respect to FLSA actions implicates a different situation, where there are very similar nationwide collective actions pending in multiple forums, and where the first-to-file rule, the rule of comity, and judicial economy favor transferring the later-filed lawsuit to the jurisdiction of the earlier-filed suit. *See, e.g.*, *Castillo v. Taco-Bell of Am., LLC*, 960 F. Supp.

6

2d 401, 404 (E.D. N.Y. 2013); *Troche v. Bimbo Foods Bakeries Distrib., Inc.*, Case No. 3:11-CV-234-RJC-DSC, 2011 WL 3565054 (W.D. N.C. Aug. 12, 2011) (collecting cases). However, there is nothing within the language of the FLSA or the Portal-to-Portal Act that prohibits successive collective actions. *See Kampfer v. Fifth Third Bank*, Case No. 3:14-CV-2849, 2016 WL 1110257, at *2-3 (N.D. Ohio Mar. 22, 2016) (collecting cases).

Finally, whether, as Defendant contends: (1) certain Opt-In Plaintiffs are ineligible to participate in this lawsuit as a result of their participation in the *Mulloy* settlement; and (2) Plaintiff cannot prove a willful violation of the FLSA such that the three-year statute of limitations applies, are substantive determinations which the court need not address here. *See Lawrence*, 2013 WL 5566668, at *3.

Accordingly, because Plaintiff has met the lenient standard for conditional class certification, Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 31) is granted.

The court hereby conditionally certifies the following class: all present and former non-exempt employees of Cuyahoga County, who at any time during the last three years, received longevity payments and worked overtime during any period in which said payment was earned.

The parties are hereby ordered to meet and confer, through counsel, regarding the content and form of notice to be given to the proposed class members and to submit, within fourteen days of the date of this Order, a joint proposed judicial notice. The joint proposed judicial notice shall include a specific opt-in period not to exceed ninety days. Defendant shall, within twenty-one days of the date of this Order, provide Plaintiff with a list of the full name and last known home address of each current and former employee fitting the class description, their dates of employment, and their last

known personal email address. The list shall be produced electronically and in hard copy.

### B. Equitable Tolling of the Statute of Limitations

The doctrine of equitable tolling "permits courts to extend the statute of limitations on a case-by-case basis to prevent inequity." *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007) (citing *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *Irwin v. Dep't of Veterens Affairs*, 498 U.S. 89, 90 (1990)). The equitable tolling doctrine is read into every federal statute. *Id.* Thus, although the FLSA's opt-in mechanism "necessarily involves some lapse of time between the date a collective action is commenced and the date that each opt-in plaintiff files his or her consent form," the FLSA does not limit the equitable powers of the courts. *Id.* As a result, the decision to invoke equitable tolling in any particular case lies solely within the discretion of the trial court. *Id.* However, courts must be mindful of the fact that equitable tolling of a statute of limitations should only be granted "sparingly." *Id.* Moreover, the plaintiff bears the burden of demonstrating the need for tolling in a particular case. *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1076 (S.D. Ohio 2016) (citing *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)). Thus, equitable tolling should only be invoked when a litigant can demonstrate that the "failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561-62 (6th Cir. 2000) (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

The Sixth Circuit has identified five factors relevant to the determination to equitably toll a statute of limitations with respect to a FLSA claim: (1) lack of actual notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) prejudice to the defendant if the statute were tolled; and (5) the plaintiff's reasonableness in

remaining ignorant of the particular legal requirement. *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842, 846 (S.D. Ohio 2013) (Marbley, J.) (citing *Archer v. Sullivan County,* Tenn., Case Nos. 95-5214, 95-5215, 1997 WL 720406, at *3 (6th Cir. Nov. 14, 1997)). These factors are "not necessarily comprehensive, and not all factors are relevant in all cases." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *see also Cruz v. B. McDermott Enters.*, Case No. 1:12-CV-1329, at *4 (N.D. Ohio 2013) (citing *Baden-Winterwood*, 484 F. Supp. 2d at 827).

As an initial matter, Defendant contends that the *Archer* test is inapplicable with respect to putative class members. Because the *Archer* test is necessarily a case-by-case, fact-finding inquiry, some courts in this Circuit have declined to apply the *Archer* test to putative plaintiffs where there is "little to no specific information before the Court regarding their individual circumstances." *See, e.g.*, *Fenley*, 170 F. Supp. 3d at 1077. However, other courts have applied the test to putative class members, often where the interest of judicial expediency is implicated. *See, e.g.*, *Engel v. Burlington Coat Factory Direct Corp.*, No. 1:11-CV-759, 2013 WL 5177184 (S.D. Ohio Sept. 12, 2013) (Barrett, J.); *Struck*, 931 F. Supp. 2d 842; *Baden*, 484 F. Supp.2d at 829 (Frost, J.). Here, the court finds that the application of the *Archer* test is appropriate on the facts of this case. Both parties implicitly agree that the scope of the potential plaintiffs and the nature of their longevity bonus claims is largely known as a result of the *Mulloy* settlement. (*See* Pl.'s Mot. Equitable Tolling 2; Def.'s Opp'n Mot. Equitable Tolling 2-3.) As a result, the court is satisfied that a fact-finding determination into the Named and Opt-in Plaintiffs in this suit can accurately resolve whether each potential plaintiff satisfies *Archer*'s five-factor test.

### 1. Actual and Constructive Notice of the Filing Requirement

The actual notice requirement weighs in favor of Defendant. Plaintiff contends that the actual

notice factor is not satisfied because many potential plaintiffs are not aware of the pendency of this lawsuit since no notice has been authorized by the court. However, actual notice as to the filing requirement does not depend solely on knowledge of the pendency of this particular lawsuit. Rather, actual notice is determined by whether the potential plaintiffs lack knowledge "of the filing requirement and lack knowledge of the FLSA or their potential claim." *See Struck,* 931 F. Supp. 2d at 847-48 (citing *Bolletino*, 2012 WL 3263941, at *4). Here, both putative classes have such knowledge.

First, with respect to the Sheriff Department subclass, as of the filing of Defendant's Motion in Opposition, 104 of the Opt-In Plaintiffs in this suit received the *Mulloy* notice. (Aff. Laura Eaton; Def.'s Opp'n Equitable Tolling 9.) Thus, for the purposes of this motion, all of the *Fitzpatrick* Named and Opt-In Plaintiffs necessarily had actual notice of their rights and filing requirements under the FLSA with respect to longevity claims when notice went out in *Mulloy*, and such notice can be ascribed to the essentially identical Sheriff Department subclass here. *See Awad v. Tyson Foods, Inc.*, Case No. 15-00130, 2016 WL 454776, at *4 (M.D. Tenn. Feb. 5, 2016) (finding actual notice where opt-in plaintiffs were sent notices regarding claims in previous lawsuits). At the very least, the *Mulloy* notice provided the Sheriff Department subclass with constructive notice beyond "mere existence of a law." *Cf. Struck*, 931 F. Supp. 2d at 847 (determining that the mere existence of the FLSA statute cannot provide constructive notice because that would mean "an inquiry into the notice factors would be meaningless") (quoting *Baden-Winterwood*, 484 F. Supp. 2d at 828).

With respect to the Cuyahoga County subclass, although they did not receive actual notice in *Mulloy*, and they have not yet received notice in this action, the FLSA's opt-in mechanism "necessarily involves some lapse of time between the date a collective action is commenced and the

date that each opt-in plaintiff files his or her consent form." *See Baden-Winterwood*, 484 F. Supp. 2d at 826. While extreme delays in receipt of actual notice in a case may prove highly prejudicial to potential plaintiffs, and justify equitable tolling, such extreme delays are not present in this case. Plaintiff commenced this action on June 13, 2017, and filed its Motion for court-authorized notice on September 22, 2017, just a few months later. (ECF Nos. 1, 31.) Plaintiff contends that he would have filed the Motion sooner but for the court's suggestion to attempt to resolve the dispute without litigation following the August 17, 2017 Case Management Conference. (Mot. Equitable Tolling 5.) However, the short month or so delay caused by the parties' agreement to negotiate, did not cause the action to "deviate significantly from the normal timeline for a FLSA action," such that equitable tolling would be warranted. *See Cruz*, 1:12-CV-1329, at * 8 (opining that courts are "more apt to grant a [m]otion for [e]quitable [t]olling when the delay in the proceeding was caused by the [c]ourt or defendant alone; rather than when the (sic) both parties consented to the delay in the proceedings" and "the [p]laintiffs were fully aware of the delay in certification that was going to occur.")

### 2. Diligence in Pursuing One's Rights

The diligence factor also weighs in favor of Defendant with respect to the Sheriff Department subclass. In the context of an opt-in collective action, diligence is measured by "whether the potential plaintiffs chose to opt-in when given the opportunity to do so, not by whether they chose to initially bring the suit." *Cruz*, Case No. 1:12-CV-1329, at *5 (citing *Baden-Winterwood*, 484 F. Supp. 2d at 828). Plaintiff argues that absent class members have not been given the opportunity to join this lawsuit because no notice has been issued. (Mot. Equitable Tolling 5-6.) Plaintiff maintains that Defendant's representations that there was no FLSA violation lulled him into complacency with respect to filing his Motion. In addition, Defendant's public denial of any violation of the law and

11

the previous *Mulloy* settlement may have lulled potential class members into believing that Defendant had started paying them properly as far back as 2014. However, these contentions are not well-taken considering that the *Mulloy* settlement, of which Plaintiff was aware, included a payout for longevity payment violations that occurred during the same period of time that Plaintiff now seeks to toll. (Opp'n Mot. Equitable Tolling 10.) Moreover, each member of the Sheriff Department subclass was on actual notice as to their FLSA claims when the *Mulloy* notice was received. Further, the *Mulloy* notice provided them with an opportunity to opt-in to an action alleging the same claims that arise in the present suit, but they failed to do so. *See Awad*, 2016 WL 454776, at * 4.

With respect to the broader Cuyahoga County subclass, the diligence factor weighs in favor of the putative class. Employees of Cuyahoya County who did not receive notice in *Mulloy* have not yet been given an opportunity to join this suit, and there has been no undue delay on the part of Plaintiff in filing his Motion for court-authorized notice.

### 3. Absence of Prejudice to the Defendant

The absence of prejudice to the defendant factor weighs in favor of the Cuyahoga County subclass. Generally, prejudice to the defendant is only examined after a factor favoring equitable tolling is identified, and, as discussed above, members of the broader Cuyahoga County subclass have not been given an opportunity to join this suit. *Allen*, 366 F.3d at 401-402. Defendant argues that it will be prejudiced because, if equitable tolling is allowed, it will be exposed to claims that would have otherwise extinguished. (Opp'n Mot. Equitable Tolling 11.) While it is true that joining additional plaintiffs will create a greater burden for Defendant, a defendant cannot be prejudiced by additional claims when they know that the named plaintiff brought the suit as a collective action. *Cruz*, Case No. 1:12-CV-1329, at *6 (citing *Baden-Winterwood*, 484 F. Supp. 2d at 828). Indeed,

here, Defendant was particularly aware of the scope of its potential liability with respect to longevity payments as a result of the *Mulloy* litigation. (*See* Opp'n Mot. Equitable Tolling 2-4.)

### 4. Plaintiffs Reasonableness in Remaining Ignorant of the Filing Requirement

Finally, the reasonableness in remaining ignorant of the filing requirement factor weighs in favor of Defendant. With respect to the Sheriff Department subclass, considering the similarity of the putative class here and in *Mulloy*, as well as the large number of those individuals who ultimately joined the *Mulloy* settlement (i.e., 411), it is difficult to believe that an additional 107 potential plaintiffs have decided to exercise their rights and join in on this action, while the remaining Sheriff Department employees have remained ignorant of either suit or the filing requirement. *Cruz*, Case No. 1:12-CV-1329, at *6. Plaintiff's contention that other potential plaintiffs may have assumed that the previous *Mulloy* settlement resolved the issue of any violations dating as far back as 2014, is not well-taken. (Mot. Equitable Tolling 7.) Ostensibly, plaintiffs who participated in the *Mulloy* settlement had access to the terms of that agreement, including the time period that served as the basis for the settlement award. They also necessarily had access to their own pay stubs and the regular rate calculations for each of those paychecks. Moreover, there is no reason to believe that those who did not participate in *Mulloy* would assume their potential FLSA claims were extinguished by litigation they did not participate in, notwithstanding Defendant's public denial of liability. Finally, with respect to the Cuyahoga County subclass, while it is true that they have not yet received actual notice of this suit, Plaintiff admits that many absent members are likely aware that the County was previously sued for this same FLSA violation. (*Id.* at 7.)

In light of the above, the court finds that the relevant factors do not weigh in favor of equitable tolling for the putative class. Although there are some members of the potential class who

have not received actual notice of this suit and there is an absence of prejudice to Defendant as to them, the court finds that no extraordinary circumstances exist here to warrant equitable tolling.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 31) is granted. Plaintiff's Motion for Equitable Tolling (ECF No. 30) of the statute of limitations for the putative class is denied.

The court hereby conditionally certifies the following class: all present and former non-exempt employees of Cuyahoga County, who at any time during the last three years, received longevity payments and worked overtime during any period in which said payment was earned.

The parties are hereby ordered to meet and confer, through counsel, regarding the content and form of notice to be given to the proposed class members and to submit, within fourteen days of the date of this Order, a joint proposed judicial notice. The joint proposed judicial notice shall include a specific opt-in period not to exceed ninety days. Defendant shall, within twenty-one days of the date of this Order, provide Plaintiff with a list of the full name and last known home address of each current and former employee fitting the class description, their dates of employment, and their last known personal email address. The list shall be produced electronically and in hard copy.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

November 8, 2017