UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GARY C. FITZPATRICK, SR., on behalf of himself and others similarly situated,** | ) ) | CASE NO. 1:17-cv-01235 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | |
| | ) | |
| **CUYAHOGA COUNTY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of Claims, along with all exhibits hereto (collectively, the "Settlement Agreement") is entered into by and between Cuyahoga County, and, Gary C. Fitzpatrick, Sr. ("Named Plaintiff") and all current and former Cuyahoga County hourly employees who opted-into the litigation ("Opt-In Plaintiffs") in the case of *Gary C. Fitzpatrick, Sr. et al. v. Cuyahoga County*, Case No. 1:17-CV-01235, in the United States District Court for the Northern District of Ohio (the "Lawsuit").  The Named Plaintiffs and Opt-in Plaintiffs will collectively be referred to as the "Plaintiffs."  Plaintiffs and Cuyahoga County will be collectively referred to as the "Parties."

## 1.  RECITALS

WHEREAS, on June 13, 2017, the Named Plaintiff filed a Collective Action Complaint (the "Complaint") on behalf of all current and former Cuyahoga County hourly employees alleging that Cuyahoga County failed to include Plaintiffs' longevity in their regular rate for the purposes of computing overtime payments; and

WHEREAS, on July 13, 2017, Cuyahoga County filed its Answer denying the claims

0

EXHIBIT 1

asserted and the allegations of the Complaint; and

WHEREAS, on November 8, 2017, the Court conditionally certified the following class of persons "all former and current hourly employees of Cuyahoga County who, at any time during the last three years, received longevity payments and who worked overtime during any period in which said payment was earned."  Cuyahoga County thereafter provided Plaintiffs' Counsel with a list of persons meeting this class definition, including each employee's last known contact information.  Plaintiffs' Counsel provided notice of the Lawsuit to those employees along with instructions as to how to opt-into the Lawsuit; and

WHEREAS, a total of 552 (including Named Plaintiff) chose to opt-into the Lawsuit. Of the 552, 264 were also *Mulloy* Opt-In Plaintiffs; and

WHEREAS, by filing their opt-in consent forms with the Court, the Opt-In Plaintiffs consented to join the Lawsuit as party-plaintiffs.  Further, they designated the Named Plaintiff as their representative, authorizing him to make decisions on their behalf concerning the lawsuit; and

WHEREAS, The Parties agreed to mediate this Action with Magistrate Judge Baughman. Prior to mediation, Cuyahoga County provided the following information to Plaintiffs' Counsel: dates and amounts of longevity payments; the total number of regular and overtime hours worked during the relevant time-period; total paid-time off hours; and, the amount of longevity make-up payments, if any.  Defendant provided this information for 15% of the Plaintiffs.  Those Plaintiffs were randomly selected by the Parties.

WHEREAS, The Parties mediated this Action on August 17, 2018, in Cleveland, Ohio with Magistrate Judge Baughman.  At that mediation, the Parties were able to reach an agreement to settle the Lawsuit; and

1

WHEREAS, Cuyahoga County, upon conducting an investigation and evaluation of the law and facts asserted in this Lawsuit, denies all of the allegations in the Lawsuit, denies any and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit, and denies that this case could be litigated on a collective action basis. Nonetheless, without admitting or conceding any liability or damages whatsoever or the propriety of collective action status for trial purposes, Cuyahoga County has agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement to avoid the burden, expense and uncertainty of continuing the Lawsuit; and

WHEREAS, Plaintiffs' Counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit and other potential claims and have determined that in the view of the costs, risks, and delay of continued litigation and the challenges of attempting to try the matter on a representative basis balanced against the benefits of settlement, that the recovery as provided in this Settlement Agreement is in the best interests of the Plaintiffs and that the recovery provided in this Settlement Agreement represents a fair and reasonable resolution of the Lawsuit; and

WHEREAS, the parties recognize that liability in the Lawsuit is uncertain and that achieving a final result through the litigation process would require additional risk, discovery, time and expense; and

WHEREAS, the Parties have agreed to settle fully and finally resolve all issues in the Lawsuit between the Named Plaintiff, Opt-in Plaintiffs, and the Defendant without the expense of further litigation, and to set forth their agreement and release of all claims. The Named Plaintiff executes this Settlement Agreement on behalf of himself and the Opt-in Plaintiffs. In addition, the Opt-In Plaintiffs will execute an individual claim and release form.

2

WHEREAS, this Agreement is intended to, and does, effectuate the full, final and complete resolution of all claims that were asserted or could have been asserted and that arise from or relate to facts or circumstances brought forth in the litigation; and

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, the receipt and sufficiency of which is hereby acknowledged, do hereby agree to a full and complete settlement on the following terms and conditions:

## AGREEMENT

1.  **DEFINITIONS**:  In addition to various terms defined elsewhere, the terms listed in this Section shall have the meanings ascribed to them for purposes of this Settlement Agreement.

    (a)  **Defendant's Counsel**.  "Defendant's Counsel" refers to the Cuyahoga County Department of Law.  For purposes of any notices required under this Settlement Agreement, Defendant's Counsel shall refer to Awatef Assad, Cuyahoga County Department of Law, 7th Floor, 2079 East Ninth Street, Cleveland, Ohio 44115.

    (b)  **Plaintiffs' Counsel**.  "Plaintiffs' Counsel" refers to Nilges Draher LLC.  For purposes of providing any notices required under this Settlement Agreement, Plaintiffs' Counsel shall refer to Shannon Draher, Nilges Draher LLC, . 7266 Portage Street, N.W., Massillon, Ohio  44685.

    (c)  "**Claims Administrator**" means Atticus Administration, LLC, which will perform all of the administrative duties ascribed to the Claims Administrator herein.

    (d)  "**Claim Deadline**" means the date that is sixty (60) calendar days after the latest date on which the Claims Administrator post-marked the Settlement Notice Packets

to the Plaintiffs.  The Plaintiffs must submit a fully completed and original Release so that it is postmarked and mailed to the Claims Administrator on or before sixty (60) calendar days after the date of the Settlement Notice Packets are postmarked.

(e)     "**Notice of Settlement and Claim and Release**" means the form Plaintiffs must submit to receive a payment from the Settlement.  The Notice of Settlement and Claim and Release shall be substantially in the form attached as **Exhibit A** to this Settlement Agreement, or in such other form as approved by the Court.

(f)     "**Defendant** means Cuyahoga County.

(g)     "**Effective Date**" means the date the Court enters the Final Order and Approval of Settlement and Dismissal with Prejudice.

(h)     "**Settlement Class Members**" and "**Settlement Class**" means the five hundred fifty-two (552) Opt-In Plaintiffs identified on the Class Member List who are eligible to receive the Settlement Notice Packet.

**Settlement Participant** means the Settlement Class Member who timely and properly submit a fully executed original Claim and Release Form, and a W-9 Form so that they are postmarked and mailed to the Claims Administrator by the Claim Deadline.

(i)     "**Lawsuit**" means the civil action *Gary Fitzpatrick, et al. v. Cuyahoga County*, Case No. 1:17-CV-01235, pending in the United States District Court for the Northern District of Ohio.

(j)     "**Mulloy**" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *James Mulloy, et al. v. Cuyahoga County*, Case No. 1:14-cv-2546.

(k)     "**Mulloy Opt-ins**" shall mean the Opt-In Plaintiffs who also joined *Mulloy* and who received a settlement payment in *Mulloy* pursuant to the May 17, 2016 Order Approving Settlement and Dismissal With Prejudice.

(l)     "**Named Plaintiffs**" means Gary C. Fitzpatrick who together with Class Counsel, covenant and agree that, as of the date the Court  enters the Final Order Approving Settlement and Dismissal with Prejudice, he has the legal right and authority to act as representatives of all Opt-in Plaintiffs regarding matters relating to the Lawsuit and will act as duly authorized representatives for the Settlement Class regarding matters concerning the Lawsuit, the method and manner of conducting and resolving the Lawsuit, and the execution of this Settlement.

(m)     "**Plaintiffs**" means the Named Plaintiff and the 552 Opt-In Plaintiffs.

(n)     "**Parties**" means named Plaintiff Gary C. Fitzpatrick, the Opt-In Plaintiffs, and the Defendant, and in the singular, refers to any of them, as the context makes apparent.

(o)     "**Payroll Taxes**" means federal, state and local income taxes, owed by the employer or employee, and the Medicare portion of the Federal Insurance Contributions Act ("FICA") tax. Payroll Taxes does not include the Social Security portion of FICA taxes since employees and employers under the Ohio Public Employees Retirement System are exempt from Social Security.

(p)     "**Service Payment**" means a payment to Gary C. Fitzpatrick, in his individual capacity, in an amount not to exceed $2,500.

(q)     "**Settlement Agreement**" means the Settlement Agreement entered into by the Parties.

(r)     "**Settlement Notice**" means the written notice that will be mailed by the Claims Administrator to the Opt-in Plaintiffs notifying them of the Settlement Agreement and how they may become a participating Settlement Class Member.  The Settlement Notice shall be substantially in the form attached as **Exhibit A** to this Settlement Agreement, or in such other form as approved by the Court.

(s)     "**Settlement Notice Packet**" means the Settlement Notice and Release Form, as approved by the Court and sent to the Opt-In Plaintiffs by the Claims Administrator.

(t)     "**Settlement Payments** mean the amounts to be distributed by the Claims Administrator to the Named Plaintiff, Settlement Participants, and Plaintiffs' Counsel, pursuant to the terms and conditions set forth herein.

(u)     **Final Order of Approval of Settlement** refers to the Court's entry of the Order Approving Settlement and Dismissal with Prejudice in the form attached hereto as **Exhibit B** (or a substantially similar form mutually agreeable to the parties).

2.      **COURT APPROVAL**.  Following the execution of this Settlement Agreement, the parties shall promptly seek the Court's approval of this Settlement Agreement.  As such, the parties will jointly submit a joint motion for approval of settlement and stipulation of dismissal with prejudice.

The parties agree that this settlement is contingent upon the approval by the Court of all terms of the Settlement Agreement, as well as the Court's entry of the Final Order Approval of Settlement, and a dismissal with prejudice.  Should the Court not approve a term of this Settlement Agreement, and/or fail to enter a Final Order of Approval of Settlement and Dismissal With Prejudice, the terms of this Settlement Agreement will be

6

null and void except that the parties may agree in writing to proceed with a modified settlement and apply for Court approval of the modified settlement.  In the event this Settlement Agreement shall become null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply to it, and the parties shall not use this Settlement Agreement or the discussions underlying it to the disadvantage of the other.  No admission of law or fact, or combination thereof, will be found to exist as a result of this Settlement Agreement, its terms, or the parties' conduct pursuant to them.

3.    **SETTLEMENT PAYMENTS AND CONSIDERATION**.

(a)    **Total Settlement Amount**.  Cuyahoga County shall pay a total amount of Fifty-Two Thousand Dollars ($52,000) (the "Total Settlement Amount") as a global settlement to resolve  all claims referenced in Paragraph 5(a) and Paragraph 5(b) below, as well claims for attorneys' fees, liquidated damages, interest, penalties, fees, and costs associated with the Lawsuit.  This Total Settlement Amount is inclusive of: (1) all payments to be made to Opt-In Plaintiffs pursuant to this Agreement; (2) Court approved service award to the individual identified herein; (3) the Named Plaintiffs' and Opt-In Plaintiffs' share of their payroll deductions; and (4) all attorneys' fees and costs approved by the Court.  Under no circumstances will the total amount of Settlement Payments to all Settlement Participants, Named Plaintiffs, and attorneys' fees and cost be based on a total gross amount that exceeds $52,000.  The Total Settlement Amount is exclusive of Cuyahoga County payment of its share of Payroll Taxes on amounts designated as back wages, and the cost of a Claims Administrator identified herein.

(b)     The Parties agree that there will be no obligation to make contributions to Ohio Public Employees Retirement System ("OPERS") for any settlement payments made pursuant this agreement.

(c)     **Settlement Amount Allocation to Plaintiffs**.  Each Plaintiff shall be allocated a share of the Total Settlement Amount.  Plaintiffs' Counsel has provided the specific details regarding how the Settlement Amount should be allocated.

(i)      **Settlement Payments to Plaintiffs**:  $25,150.72 of the Total Settlement Amount will be divided into Individual Payments to Plaintiffs.

(ii)     **Calculation of Individual Payments**: The Individual Payments, after deduction of the Representative Service Payment and Plaintiff's Counsel's attorneys' fees and expenses from the Total Eligible Settlement Amount, were calculated by Plaintiffs' Counsel and approved by Defendant.  The calculation for the Individual Payments were based on the data of the randomly selected Plaintiffs. Based on the data, the average amount that the Plaintiffs were underpaid overtime is as follows:

*Mulloy* Opt-In Plaintiffs – $4,956 or approximately $18.77 per Plaintiff.  The calculation period for this group of Plaintiffs was May 1, 2016 to August 1, 2018. Non-*Mulloy* Opt-In Plaintiffs -- $28,583.84 or approximately $99.25 per Plaintiff. The calculation period for this group of Plaintiffs was June 1, 2014 to August 1, 2018.  The Individual Payments are provided in **Exhibit C**.

iii.     **Calculation Period:** The Calculation Period for the *Mulloy* Opt-In Plaintiffs is May 18, 2016 to the date this Settlement Agreement is approved by the Court.  The reason for this Calculation Period for the *Mulloy* Opt-In Plaintiffs is that, pursuant

to the May 17, 2016, Order Approving Settlement and Dismissal With Prejudice in *Mulloy*, the *Mulloy* Opt-In Plaintiffs released any and all wage and hour claims up through May 17, 2016. The Calculation Period for the remaining Opt-In Plaintiffs is June 13, 2014 to the date this Settlement Agreement is approved by the Court.

(iv) These allocations represent each individual gross value, and do not represent the net amount after employees' share of taxes. The specific allocations are detailed in **Exhibit C**. Cuyahoga County has no objection to these allocations.

For the portion allocated to non-wage income, each Settlement Participant shall provide the Claims Administrator with W-9 Form, and the Claims Administrator, shall issue an IRS Form 1099 to each Settlement Participant in the amount of the non-wage income. Defendant has no obligation regarding tax obligations related to the non-wage income portion of the settlement.

This represents the total amount to which each Settlement Participant is eligible to receive pursuant to the calculations described as wage payments in Plaintiffs' spreadsheet for which a W-2 will be issued as reflected in **Exhibit C.**

(v) Only those Settlement Participants who timely submit valid and timely original Notice of Settlement and Claim and Release Forms and a W-9 are eligible to recover any Settlement Payments. The Notice of Settlement and Claim and Release Form will be as set forth in the attached **Exhibit A**.

(vi) Plaintiffs will have 60 days after the date of the settlement checks ("Check Issuance Date") in which to negotiate their checks. If any Plaintiff does not negotiate his or her settlement check within the Check Issuance Date, the check will be void, and no such void checks will be reissued. Settlement Participants shall

be prohibited from cashing such checks after that time period.  Defendant shall have no liability to anyone in relation the Settlement Payment upon Defendant's transmission of settlement funds to the Claims Administrator, subject to Defendant's obligation in Paragraph 3(a).

(vii)    Any amounts remaining in the Settlement Fund after payment to:(1) all Plaintiffs who timely negotiate their settlement checks and (2) all attorneys' fees, costs, shall revert to Cuyahoga County and must be returned to Cuyahoga County.

(viii)    The Claims Administrator will: (1) withhold legally required income and Payroll Taxes from each Settlement Payment, (2) issue each Settlement Participant an IRS Form W-2 indicating such withholdings, and (3) pay the appropriate tax authorities the employee's and Defendant's share of the Payroll Taxes for each Settlement payment.

(ix)    Other than the Defendant's portion of the Payroll Taxes, Settlement Participants are solely responsible for all of their own obligations relating to their taxes including, but not limited to, any liabilities, interest, assessments and penalties, if any, relating to an employee's obligations under the Settlement Payments to them. Other than the employee's portion of the Payroll Taxes, Defendant is solely responsible for all to its own obligations relating to its taxes, including but not limited to, any liabilities, assessments and penalties, if any, relating to an employer's obligations under the Settlement Payments to Settlement participants.

(d)    **Settlement Amount Payable as Attorneys' Fees and Costs**.  Plaintiffs' Counsel shall receive the amount of Twenty-Four Thousand and Three-Hundred Forty-Nine

Dollars and Twenty-Eight Cents ($24,349.28 of the Total Eligible Settlement Amount will be paid to Plaintiff's Counsel for attorneys' fees, costs, and expenses ($19,049.28 in fees and $5,300 in expenses) incurred in the Lawsuit.  If the Court, as part of its review of the Settlement Agreement, requires that Plaintiffs' Counsel submit an application for fees and costs as part of requesting approval of the Settlement Agreement, Cuyahoga County will not oppose or object to such requests provided that such requests are consistent with the foregoing terms. By refraining from filing an objection to Plaintiffs' Counsel's Attorneys' Application for Fees and Costs, Defendant does not make any representation as to the reasonableness of Class Counsel's Attorneys' Application for Fees and Costs.

(i)      If the Court denies any portion of the requested fees, such amount will be distributed to the Plaintiffs.  Notwithstanding the provisions of Paragraph 2 of this agreement, the application for attorneys' fees and costs shall then be severed from the remainder of the Settlement Agreement.  The substance of this request for fees and costs will then be considered separately by the Court from the Court's consideration of the Settlement Agreement.  The outcome of any proceeding relating to the application for attorneys' fees and costs shall not terminate this Settlement Agreement or otherwise affect the Court's ruling on approval of this Settlement Agreement. Only the total amount of attorneys' fees and costs approved by the Court will be deemed to be Plaintiffs' Counsel's attorney's fees and costs for purposes of this Settlement Agreement.  Defendant is obligated only to pay the amount of attorneys' fees and costs that are approved by the Court, and only the amount of attorneys' fees and costs that are approved by the Court will be

distributed by the Claims Administrator to Class Counsel.

(ii)      Plaintiffs' Counsel shall provide the Claims Administrator with W-9 Forms, and the Claims Administrator shall issue Class Counsel an IRS Form 1099 for their award of attorneys' fees and costs.

(iii)      Plaintiffs' Counsel is responsible for all federal, state, and local tax liabilities related to the award of attorneys' fees and costs, and Defendant shall bear no responsibility for any tax liabilities related to the award of attorneys' fees and costs.

(iv)      Plaintiffs' Counsel and Named Plaintiffs, on behalf of themselves and the Opt-In Plaintiffs, represent and warrant that the total amount of attorneys' fees and cost approved by the Court shall constitute full and complete compensation for all attorneys' fees and costs in relation to this Lawsuit, and that no further payments are or will be due from Defendant for any attorneys' fees or costs in relation to this Lawsuit.

(d)      **Settlement Amount Payable as Service Award**.  Named Plaintiff will receive a service award in the amount of Two Thousand-Five Hundred Dollars ($2,500) in addition to his individual payment.   The Named Plaintiff shall execute the Settlement Agreement in order to receive his Service Payments under this Settlement Agreement.    The Service Payments shall be treated as non-wage income. Named Plaintiff shall provide the Claims Administrator with W-9 Form, and the Claims Administrator shall issue an IRS Form 1099 to each Settlement Participant in the amount of the non-wage income. Defendant has no obligations regarding tax obligations related to the non-wage income portion of the settlement.

If the Court, as part of its review of the Settlement Agreement requires Plaintiffs' Counsel to apply for this service award as part of requesting approval of the Settlement Agreement, Cuyahoga County will not oppose or object to such requests consistent with the foregoing terms. If the Court denies any portion of the requested service awards, such amount will be distributed to the Plaintiffs. Notwithstanding the provisions of Paragraph 2 of this agreement, the application for service award shall then be severed from the remainder of this Settlement Agreement. The substance of this request for fees and costs will then be considered separately by the Court from the Court's consideration of the Settlement Agreement. The outcome of any proceeding relating to the application for service awards shall not terminate this Settlement Agreement or otherwise affect the Court's ruling on approval of this Settlement Agreement.

(e) **Administrative Costs**. Defendant shall be solely responsible for the cost of the Claims Administrator incurred in the administration of this Settlement Agreement, which is in addition to the maximum potential payments provided under this Settlement Agreement to Settlement participants, Service payments and Class Counsel's attorneys' fees and costs.

(f) **Reversion.** Any amounts available for Settlement Payments that are not approved by the Court or distributed to the Named Plaintiff, Opt-in Plaintiffs, and Plaintiffs' Counsel as their attorneys' fees and costs, shall revert back to the Defendant. The reversion includes, but is not limited to, any portion of the settlement funds subject to administration by the Claims Administrator for which any Plaintiff fails to timely apply for and negotiate as set forth in Section 3(b) of this Agreement.

13

(g) **No Further Obligation.** The Settlement Payments, Service Awards, Plaintiff's Counsel's Attorneys' fees and costs described in this Section represent Defendant's maximum potential financial obligation under this Settlement Agreement. Defendants shall have no further monetary obligation to Plaintiffs' Counsel, the Named Plaintiffs, or the Settlement Class.

4. **TAXABILITY OF SETTLMENT PAYMENTS**

(a) Named Plaintiff Gary C. Fitzpatrick acknowledges and agree that they have not relied upon any advice whatsoever from Defendant or Defendant's counsel as to the taxability of Settlement Payments, actions taken, or consideration transferred hereunder and that Named Plaintiffs will be solely liable for all of their tax obligations arising therefrom.

(b) For tax purposes, 50% of each Plaintiff's payment pursuant to Paragraph 3(b) shall be treated as wages and 50% of such payment shall be treated as non-wage income as designated in **Exhibit C**.

(c) The payroll deductions for the Settlement payments to each Settlement Participant will be calculated by the Claims Administrator, subtracted from the Settlement payments, and the claims Administrator will make the payment to the appropriate government agencies. The Claims Administrator shall deduct all applicable employment and Payroll Taxes from each Plaintiff's share of back wages, if any. Such wages shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. The portion treated as non-wage income shall be paid without withholding and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099. Defendant shall be responsible

for paying the employer's share of Payroll Taxes. The Claims Administrator will calculate the amount Defendant owes for each Settlement participant and provide those calculations to Defendant within days (10) days of the entry of the Final Order Approving the Settlement and Dismissal with Prejudice.  Within 60 days (60) calendar days of the receipt of the calculations, Defendant shall pay its share, i.e. employer's share, of Payroll Taxes to the Claims Administrator.  The Claims Administrator shall be responsible for preparing a Form W-2 for each Class member who submits a valid and timely Claim form.  The Claims Administrator will be responsible for preparing these forms correctly. The Claims Administrator shall also be responsible for submitting Defendant's share of Payroll Taxes to the appropriate government agencies on behalf of Defendant.

(d)      Unless Named Plaintiff, and members of the Settlement Class cash their respective Settlement Payment checks within Sixty (60) days after the date on which the check is issued, as indicated on the face of the check, then the Claims Administrator shall handle any such checks and the amounts thereunder pursuant to Section 3 Settlement Payments to Settlement Participants.  The Settlement Payment checks will be printed to so advise recipients that their checks are valid for 60 days after the date on which the check is issued.

(e)      In the event that is it subsequently determined by any taxing authority that any Named Plaintiff, other Service Award Recipients, and/or Opt-in Plaintiff owes any additional taxes, interest, and or penalties with respect to any money distributed under this Settlement Agreement, the Parties expressly agreed that liability for such taxes rests exclusively with that the Named Plaintiff, other Service Award Recipient, and/or Opt-in Plaintiff and that Cuyahoga County will not be responsible for such taxes, including interest and penalties.

(f)     Attorneys' fees and costs paid pursuant to Paragraph 3(c) shall be paid without withholding and shall be reported to the IRS and Plaintiffs' Counsel under Plaintiffs' Counsel's name and taxpayer identification number, which Plaintiffs' Counsel shall provide for this purpose on an IRS Form W-9.

(g)     The service awards made pursuant to Paragraph 3(d) shall be paid without withholding and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

(h) Plaintiffs and Plaintiffs' Counsel shall be solely responsible for all taxes, interest and penalties due with respect to any payment they received pursuant to this Settlement Agreement, other than the employer Payroll Taxes specified in Paragraph 4(a).

5.     **RELEASE OF ALL CLAIMS**

a.)     **The Named Plaintiff Gary C. Fitzpatrick**

For the consideration the County provided in this Agreement and by operation of this Settlement Agreement, Entry of the Order Approving Settlement and Dismissal with Prejudice, and the execution of the Release (attached hereto as **Exhibit A**), the Named Plaintiff Gary C. Fitzpatrick, on behalf of himself and his respective agents, representatives, predecessors, successors, and assigns, hereby fully, finally, and forever release, relinquish and discharge County, and each of its present and former officers, officials, directors, attorneys, departments, divisions, agents and employees, insurers, and/or administrators, and assigns, individually and in their official capacity, and all of the County's other legal representatives, and all persons acting by, though, under, on behalf of, or in concert with any of them, including any party that could have been named as a

16

defendant in the Lawsuit (the "Released Parties") from all claims, demands, damages, actions, causes of action and liabilities, of any  of any kind whatsoever, whether known or unknown, suspected or unsuspected, whether accrued or to accrue, which any of them now have, may have, or has ever had, against the released parties for any reason at all, including, but not limited to : (i) any claim of breach of contract, wrongful discharge, intentional infliction of emotional distress, relation and/or employment discrimination whether in tort or in contract, any employment intentional tort, any statutory or common law claim for attorneys' fees, any claim for interest on the amounts due hereunder, (ii) any and all claims arising out of or in any way related to their employment with the County, and any matters related to the employment relationship with the Defendant, or the termination of it, including but not limited to, any matter related to employee handbooks, polices, guidelines, rules, and materials, compensation, termination of employment, harassment, and claims arising under (iii) any and all claims, demands or causes of action for wages, salary, premium payments, bonuses or benefits of any kind or nature including unpaid or late paid wages, overtime, compensatory time, and improper deductions,; (iv) any and all claims, demands or cause of action  asserted or could have been asserted in the Lawsuit, including but not limited the payment of wages, salary, premium payments, bonuses or benefits of any kind or nature, including but not limited to unpaid or late payment of wages, unpaid or late overtime, unpaid or late compensatory time, unpaid work, meal breaks and rest breaks, travel time, reimbursement of expenses, and improper deductions, and any other claims based on alleged failure to provide minimum wage, failure to provide overtime compensation, failure to pay compensatory time, improper deductions, denial of meal periods and rest break, failure to pay wages upon termination, failure to keep records of

17

hours worked or compensation due, retaliation, and penalties for any of the foregoing, including without limitation claims under the FLSA and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements; (v) and all other federal, state, county, or municipal statute, county or municipal state, law, rule, regulation or ordinance relating to employment discrimination, employment, employee benefits, wage and hour, compensation, or employment law, and all other statutory and all other statutory and common law claims, penalties, liquidated damages, interest, compensatory damages, punitive damages, or any other item of damages, and attorneys' fees, costs and expense and agree that any payments approved by the Court to Plaintiffs' Counsel will be the full, final and complete payment of all attorneys' fees, costs and expenses associated with their representation in the Lawsuit. Cuyahoga County shall have no additional liability for any fees and costs associated with the Lawsuit; and (vi) any and all claims related to his employment at the County under any possible federal, state, or local legal, equitable, tort, contract or statutory theory, including but not limited to any and all claims arising under the Civil Rights Act of 1866, the Civil Rights Act of 1866, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Equal Pay Act of 1963, the Rehabilitation Act of 1973, the Employee Retirement Income Security Act of 1974, the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act, the Civil Rights Act of 1991, the Equal Pay Act, the Occupational Safety and Health Act, the Family and Medical Leave Act ("FMLA"), the Fair Labor Standards Act ("FLSA"), the Lilly Ledbetter Fair Pay Act, Public Law No. 111-2; the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq.; the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C.

§1161, et seq.; the National Labor Relations Act, 29 U.S.C. §151, et seq.; the Fair Credit Reporting Act, the Ohio Wage Payment Law, the Ohio Minimum Fair Wage Standards Act, the Ohio Equal Pay Law, R.C. Chapters 4111, 4112, 4113, 4121, and 4123 of the Ohio Revised Code, Ohio Constitution Art. II, §§34, 34a, and 35; and O.A.C. 4121-3-20, et seq.– all as amended to the date hereof.

b.)     **The Named Plaintiff Gary C. Fitzpatrick On Behalf of Opt-In Plaintiffs.**

For the consideration the County provided in this Agreement and by operation of this Settlement Agreement, entry of the Order Approving Settlement and Dismissal with Prejudice, and the execution of this Settlement Agreement and Release (attached hereto as **Exhibit A**), the Named Plaintiff Gary C. Fitzpatrick, in his representative capacity, on behalf of the Opt-In Plaintiffs, and their respective agents, representatives, predecessors, successors, and assigns, hereby fully, finally, and forever release, relinquish and discharge County, and each of its present and former officers, officials, directors, attorneys, departments, divisions, agents and employees, insurers, and/or administrators, and assigns, individually and in their official capacity, and all of the County's other legal representatives, and all persons acting by, though, under, on behalf of, or in concert with any of them, including any party that could have been named as a defendant (the "Released Parties") from all individual, class, and/or collective federal and state wage-and-hour claims, whether known or unknown, that were or could have been brought under FLSA and 4111 et seq., and/or other Federal, State, and Local law whether the claims are bought or could have been brought in Court or through arbitration pursuant to the Collective Bargaining Agreement, that were asserted in the Action or that relate to, or arise from, the alleged Defendant's failure to include longevity payments in regular rate, including but not limited to claims for unpaid wages, unpaid overtime

compensation, compensatory damages, liquidated damages, punitive damages, or any

other item of damages, interest, attorneys' fees, and expenses and agree that any

payments approved by the Court will be the full, final and complete payment of all

attorneys' fees, costs and expenses associated with their representation in the

Lawsuit.  Cuyahoga County shall have no additional liability for any fees and costs

associated with the Lawsuit.

6.    **SETTLEMENT CLAIMS ADMINSTRATOR AND PLAN OF SETTLEMENT ADMINSTRATION**

(a)    The Parties agree to cooperate in the Settlement administration process and make

all reasonable efforts to control and minimize the costs and expenses incurred in the

administration of the Settlement Agreement.

(b)    Defendant selected  Atticus Administration to serve as the claims.  Plaintiffs have

no objection to this selection.

administrator.

(c)    Upon execution of this Settlement Agreement, the parties will jointly submit the

Settlement Agreement (including all Exhibits) to the Court  for  approval  along  with  a

stipulation for dismissal with prejudice.  The parties will request that the Court explicitly

approve the    form of the Notice of Settlement and Release    ("Notice   and   Release")

attached as **Exhibit A** in the Entry of Final Order Approving Settlement and Dismissal

with Prejudice and    that the Court retain   jurisdiction over the settlement.

(c)    Within 30 days after the Entry of Final Order Approving Settlement and

Dismissal with Prejudice, Cuyahoga County shall deposit the Total Settlement Amount of

$52,000.00 with the Claims Administrator.

(d)     Upon 45 Days after the Entry of Final Order Approving Settlement and Dismissal with Prejudice, the Claims Administrator will pay the Named Plaintiff Gary C. Fitzpatrick the Service Payment provided that he has provided the Claims Administrator with their fully executed Releases (Exhibits), all of their respective W-9 Forms, and any other information to effectuate payment.

(e)     Within 45 days after the Entry of Final Order Approving Settlement and Dismissal with Prejudice and after the Plaintiffs' Counsel provide the Claims Administrator with their respective W-9 Forms and any other information to effectuate payment, the Claims Administrator shall pay the attorneys' fees and costs the Court approves, pursuant to Plaintiffs' Counsel's direction as to the allocations via electronic means. The payments shall be directed to Nilges Draher LLC 4580 Stephen Cr., N.W., Suite 201, Canton, Ohio 44718.  Plaintiffs' counsel shall provide the Claims Administrator with W-9 Forms and any other information required to effectuate such payment.  The Claims Administrator will issue IRS Forms 1099 to Nilges Draher LLC 4580 Stephen Cr., N.W., Suite 201, Canton, Ohio 44718.

(f)     Within 7 days after Entry of Final Order Approving Settlement and Dismissal with Prejudice, Cuyahoga County will provide the Claims Administrator with an Excel chart listing the names, employee identification numbers, last known mailing addresses of Plaintiffs, to the extent that information exists on file with Cuyahoga County.  The list shall not be disclosed by the Claims Administrator, and the Claims Administrator will keep the lists and information contained therein confidential.

(g)     Within 21 days after Entry of Final Order Approving Settlement and Dismissal with Prejudice, the Claims Administrator shall send via United States Mail the Settlement Notice packets and the Notice of Settlement, and Claim and Release to the Opt-in Plaintiffs.

(h)     The Plaintiffs shall have 60 calendar days from the date of mailing of the Settlement Notice packets ("Claim Deadline") to mail their original fully and properly executed Release the Claims Administrator.

(i)     In the event that the Claims Administrator is contacted by a Plaintiff before expiration of the Claim Deadline and the Plaintiff indicated that he or she did not receive the Notice of Settlement and Claim and Release Form, the Claims Administrator shall mail and additional Notice and Claim and Release Form to the address provided by Plaintiff; however, the deadline for returning the Claim and Release form shall remain the Claim Deadline.

(j)     In order to be valid and timely, the Claim and Release Form must be filled out completely, signed and mailed to the Claims Administrator by the Claim Deadline, and either received by the Claim Administrator or post-marked by the Claim Deadline.  In the event a Claim and Release Form is timely submitted but does not contain a signature or sufficient information to identify the Plaintiff, the Claims Administrator shall provide the Plaintiff with a letter requesting the information that was not provided (the "Cure Letter") and give the Plaintiff a period of fifteen (15) days to respond, but not to exceed the Claim Deadline

(k)     Within 10 days after the Claim Deadline, the Claims Administrator shall calculate the amounts to be distributed pursuant to the Settlement Agreement and provide Defendant

and Plaintiffs' Counsel an itemized breakdown of such amounts for Settlement Payments to the Named Plaintiffs, Settlement Participants, and Plaintiffs' Counsel as their attorney's fees and costs.  The breakdown shall include the calculation of each employee's portion of taxes. The breakdown shall also include Defendant's portion of taxes of the Settlement Payments.

(l)      All Plaintiffs who timely return an original and properly executed Claim and Release Form and W-9 by the Claim Deadline will be entitled to receive a minimum Settlement Payment as detailed in **Exhibit C**, excluding their share of taxes.  Within 14 days of the claims deadline, the Claims Administrator shall mail the Settlement Payments to the Settlement Class.

(n)      The Settlement Claims Administrator shall copy counsel for all Settling Parties on material correspondence and promptly notify counsel for the Settling Parties of any material requests or communications made by any Settling Party or Plaintiff who receives a Notice and Release; respond to inquiries of the Plaintiffs regarding the terms of settlement and procedures for returning Releases; refer to Plaintiffs' Counsel all inquiries by the Plaintiffs about the amount of any Plaintiff's individual estimated settlement payment, to the extent the Settlement Claims Administrator is unable to answer such inquiries; maintain adequate records of its activities, including the date of the mailing of the Notice and Release, returned mail and other communications and attempted written or electronic communications with Plaintiffs; confirm in writing to Plaintiffs' Counsel and Cuyahoga County's Counsel and the Court its completion of the administration of the settlement and retaining copies of all endorsed settlement checks; and timely respond to communications from the Settling Parties or their counsel.

**Reporting by Settlement Claims Administrator.** Throughout the period of claims administration, the Settlement Claims Administrator will provide such reports to the Settling Parties upon request by either Settling Party, regarding the status of the mailing of the Notice and Claim and Release Form to the Plaintiffs, the claims administration process, the receipt of Releases, and distribution of the settlement checks or any other aspect of the claims administration process.

7.    **CREATION AND IMPLEMENTATION OF A QUALIFIED SETTLMENT FUND**.

(a)    **Establishing the Qualified Settlement Fund**. Within 30 days of Court approval of this Agreement, Cuyahoga County will deposit $52,000 (the "Settlement Fund"), intended by the Settling Parties to be a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, *et seq*. The Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, *et seq.*, and shall be administered by the Settlement Claims Administrator, subject to the ultimate authority of the Court.

(b)    **Administering the Settlement Fund**. The Settlement Claims Administrator shall serve as Trustee of the Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Settlement Fund, including the handling of tax-related issues and payments. The Settlement Claims Administrator shall act in a manner necessary to qualify the Settlement Fund as a Qualified Settlement Fund and to maintain that qualification. The Settling Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment.

The Settling Parties agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest possible date.

8. **COSTS AND EXPENSES.**  This agreement entered between the Plaintiffs and the County is a full and final settlement of all claims made by the Plaintiffs in this Lawsuit, including claims for costs, expenses, and attorneys' fees.  Each party agrees to pay their own costs, fees and expenses.  The County will pay the costs of the Claims Administrator.

9. **NO ADMISSION OF LIABILITY OR APPROPRIATENESS OF CLASS TREATMENT**.  By entering into this Settlement Agreement, Cuyahoga County admits no liability or wrongdoing of any kind. Accordingly, the Parties agree that none of them has prevailed nor shall this Settlement Agreement be construed as evidence that any party has prevailed in this matter.  The parties further agree that this Settlement Agreement does not constitute a determination or admission that any group of similarly situated employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or any state analogue.

10. **DISMISSAL OF THE LITIGATION WITH PREJUDICE.**  The Plaintiffs and the County authorize their attorneys to execute and file with the appropriate Court, immediately upon execution of this Agreement, a Stipulation of Dismissal with prejudice.

11. **NO EVIDENCE**. The Parties have entered into this Agreement to avoid the substantial costs, inconvenience, and uncertainties of litigation.  This Agreement is not evidence and cannot be used as evidence that the County, or its appointing authorities, employees, agents and/or affiliates, have violated or failed to comply with any law, statute or other legal requirement.  Further, this Agreement is not evidence, and cannot be used as evidence that the County has deprived the Plaintiffs or any other person or entity of any rights, duties, or

obligations under law, statute or otherwise. This Agreement is made on a non-precedent setting, no-citation basis, and the Plaintiffs' shall not refer to it in any subsequent proceeding except for claims of violation of this Agreement.

12. **NOTIFICATION OF RIGHTS UNDER AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA").** This Agreement contains a waiver and release of the Named Plaintiff Fitzpatrick's rights and claims under ADEA, as amended. The waiver and release specifically refers to rights or claims under the ADEA. Named Plaintiff is hereby notified and acknowledge as follows: (a) he has the opportunity to review and consider the terms of this Agreement for a period of twenty-one (21) days, although they may accept the terms of this Agreement at any time prior to the expiration of the twenty-one (21) day period; (b) he understands that he has the right to obtain their own legal counsel regarding their rights, obligations and liabilities hereunder before they sign this Agreement, and are hereby advised by the County to obtain counsel; (c) Named Plaintiff is not waiving any rights they have against the County that may arise from future occurrences; (d) this Agreement is entered into knowingly and voluntarily by Named Plaintiff, and that the benefits and monetary compensation that he will receive under this Agreement are made without any pre-existing obligation by the County and are additional and in excess to any benefit or amount that Named Plaintiff may be entitled to; and (e) the terms of this Agreement become legally binding, and effective and irrevocable upon the date that Named Plaintiff signs this Agreement unless within such Seven (7) days, Named Plaintiff and Dean provide written notice to the County of revocation.

13. **TAX LIABILITY**. All payments made hereunder will be reported to the Internal Revenue Service. By entering into this Agreement, Cuyahoga County expresses no opinion

26

concerning the allocation or the taxability of these payments. Plaintiffs and counsel for Plaintiffs acknowledge that to the extent that they incur any additional tax liability as a result of the amounts paid to her or them hereunder, such liability is their sole responsibility; and they shall pay taxes, interest, or penalties due and payable.  Plaintiffs and counsel for the Plaintiffs further agree, jointly and severally, to indemnify and hold Cuyahoga County harmless from any liability for tax payments, withholding, penalties, interest, and additions to tax which may be assessed on account of the payments hereunder. Plaintiffs are hereby advised to seek professional tax advice regarding any tax liability she may accrue as a result of the payments hereunder.

14. **UNKNOWN FACTS**.  Plaintiffs agree that should they hereafter discover facts or law different from, or in addition to those now known or believed to be true with respect to the subject matter of this Agreement, the Litigation, and the claims released herein, this Agreement shall remain in effect in all respects notwithstanding such different or additional facts or changes in applicable law.

15. **REPRESENTATIONS AND WARRANTIES**. Each party to this Agreement represents and warrants to the other party as follows:

a. They have received independent legal advice from their attorneys concerning the advisability of making the settlement provided for in this agreement and of executing this Agreement.

b. They have carefully read and reviewed with their attorneys, and know and understand the full contents of, this Agreement, and are voluntarily entering into this Agreement on the advice of their attorneys.

c.     They have not assigned to any person or entity any of the claims, or any portion of any of the claims, that were or could have been asserted in the Litigation.

d.     They are fully authorized and competent to execute this Agreement and do so relying on their own judgment of the nature, extent, and duration of any injuries, damages, and/or losses they have incurred.

e.     They are not relying on any statement, representation, omission, inducement, or promise of any other party in executing this Agreement, except as expressly stated in this Agreement.

16. **ADDITIONAL TERMS**.

a.     **INTERPRETATION**: Any ambiguities in this Agreement shall not be construed against the County solely based on any argument that it was the drafter, and Named Plaintiff Gary C. Fitzpatrick acknowledges that his lawyers participated fully in the review of this agreement.

b.     **CHOICE OF LAW.** This Agreement has been executed and delivered in the State of Ohio, and the rights and obligations of the parties shall be construed and enforced under Ohio law.

c.     **ENTIRE AGREEMENT; MODIFICATION.** This Agreement is the entire agreement between the parties regarding the settlement of the Litigation and supersedes all prior and contemporaneous agreements, representations and undertakings, oral or written. No other agreement exists. No supplement, modification, or amendment of this Agreement will be binding unless it is in writing and signed by all parties.

d.  **WAIVER.**  No waiver of any term of this Agreement constitutes a waiver of any other provision, whether similar or dissimilar.  No waiver of any term constitutes a continuing waiver of that term.  No waiver is binding unless signed in writing by the waiving party.

e.  **SEVERABILITY.**  If any term of this Agreement is for any reason invalid or unenforceable, the rest of the Agreement remains fully valid and enforceable.

f.  **EFFECT; ASSIGNMENT.**  This Agreement binds and inures to the benefit of both the parties and their successors and assigns.  This Agreement cannot be assigned without the prior written consent of the other party.

g.  **HEADINGS.**  The headings in this Agreement are for convenience of reference only and do not constitute a part of it.  The headings do not affect its interpretation.

h.  **COUNTERPARTS.**  This Agreement may be executed in counterparts, each of which is considered an original, but all of which constitute one and the same instrument.

i.  **COOPERATION.**  Each party has cooperated in, and in any construction of this Agreement shall be deemed to have cooperated in, the drafting and preparation of this Agreement.

j.  **ADDITIONAL ACTS/DOCUMENTS.**  The parties shall perform all additional acts and execute and/or deliver all additional documents necessary to carry out the terms of this Agreement.

k.  **SIGNATURE:**  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one and the same instrument.  Delivery of an executed counterpart

of a signature page of this Agreement by facsimile or other electronic transmission, including email, shall be as effective as delivery of a manually executed original counterpart of each such instrument.

l.     **EFFECTIVE DATE**.  The Agreement shall be effective upon execution of the Agreement of all Parties, the entry of the Court's approval of Settlement and Dismissal with Prejudice.

m.     **CONTINUING AND EXCLUSIVE JURISDICTIO**N. The parties shall request that the Court retain continuing and exclusive jurisdiction over the enforcement and interpretation of this Settlement Agreement.  The denial, in whole or in part, of this request shall not terminate this Settlement Agreement or otherwise affect the Court's ruling on approval of the Settlement Agreement.

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING OF THIS AGREEMENT.

_____

Gary C. Fitzpatrick

Dated this _____ day of_____, 2018.


THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING OF THIS AGREEMENT.

_____

Shannon Draher
Nilges Draher LLC
Plaintiffs' Counsel


Dated this _____ day of_____, 2018.


THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING OF THIS AGREEMENT.

Cuyahoga County

Date: _____     By: _____

Armond Budish

Printed Name: _____

Title: County Executive

31